UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL ALVAREZ, SR., on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) C.A. NO. |
| v. | ) ) ) JURY TRIAL DEMANDED |
| UNIVERSAL CREDIT SERVICES, LLC. | ) ) |
| Defendant. | ) |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant Universal Credit Services, LLC's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") and New York Fair Credit Reporting Act ("NYFCRA"), NY Gen. Bus. Law §§ 380 *et seq*.

2. Defendant violates the important protections in the FCRA and NYFCRA by improperly associating innocent consumers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions.

3. Defendant's conduct deprives consumers of their rights under federal and state law and results in widespread harm.

### II.  JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1332.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

1

### III.   PARTIES

6.   Plaintiff Manuel Alvarez, Senior is an adult individual who resides in Long Island, New York.

7.   Defendant Universal Credit Services, LLC ("UCS" or "Defendant") is a consumer reporting agency which has a principal place of business in Broomall, Pennsylvania.

### IV.   FACTUAL ALLEGATIONS

**A.   The United States Treasury Department's Office of Foreign Assets Control and Its List of Specially Designated Nationals and Blocked Persons**

8.   The United States Treasury Department's Office of Foreign Assets Control ("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and national security goals against threats to national security, foreign policy or economy of the United States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted).[1]

9.   OFAC directs those sanctions at, among others, terrorists, international narcotics traffickers, and persons involved in the proliferation of weapons of mass destruction, and publishes a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website (the "OFAC List").[2]

10.   Persons on the OFAC List are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution.

11.   The full OFAC List as maintained by the Treasury Department is publicly available information, and whether a person is on the OFAC List is a matter of public record.

12.   Persons in the United States are generally prohibited from doing business with, including extending credit to, individuals on the OFAC List. Noncompliance carries potential

---

[1]   *See also*, U.S. DEP'T OF THE TREASURY, *OFAC FAQs: General Questions*, https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx (last visited June 20, 2019).

[2]   UNITED STATES TREASURY DEP'T, *Specially Designated Nationals and Blocked Persons List*, https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last visited June 20, 2019).

civil and criminal penalties. *See* 31 C.F.R. § 501 App. A, II.

### B. The Inclusion of OFAC Information On Consumer Reports Is Regulated By Federal and New York Law

13. The FCRA and NY-FCRA contain substantially similar provisions, and are generally interpreted in tandem. *See, e.g.*, *Ali v. Vikar Mgmt., Ltd.*, 994 F. Supp. 442, 498 (S.D.N.Y. 1998).

14. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

15. The FCRA requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report related." 15 U.S.C. § 1681e(b).

16. The NYFCRA likewise requires that CRAs "maintain reasonable procedure designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates." N.Y. Gen. Bus. Law § 380-j(e).

17. The maximum possible accuracy standard "requires more than merely allowing for the *possibility* of accuracy," meaning that CRAs do meet that standard by suggesting that certain consumers as "possible" matches for individuals on the OFAC List. *Ramirez v. Trans Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, at *5 (N.D. Cal. Mar. 27, 2017) (quoting *Cortez*, 617 F.3d at 709) (emphasis added).

18. In 2010 in *Cortez*, the U.S. Court of Appeals for the Third Circuit found that OFAC information is subject to the maximum possible accuracy standard, and that a CRA acted

3

"reprehensibly" and was in willful violation of FCRA section 1681e(b) by using only first and last name to associate consumers with criminals on the OFAC list. 617 F.3d at 707-08, 723.

19. Later, a court in the Northern District of California certified the FCRA section 1681e(b) claims of a class of 8,192 individuals who a CRA inaccurately associated with the OFAC list. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014). A jury found that the CRA's matching procedures willfully violated the FCRA. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280, at *2-3 (N.D. Cal. Nov. 7, 2017) (upholding jury's verdict).

20. Moreover, CRAs may not shift their duty to assure accuracy onto the users of the information that they sell. *Ramirez*, 2017 WL 1133161, at *4 (*citing* Cortez, 617 F.3d at 708).

21. In addition to the maximum possible accuracy standard applied to all types of data consumer reporting agencies compile and report, the NYFCRA places additional responsibilities on consumer reporting agencies which compile and report "items of information on consumers which are matters of public record." N.Y. Gen. Bus. Law § 380-g.

22. The NYFCRA requires consumer reporting agencies to either provide notice to the consumer at the time such public record information is reported along with the identity of the person to whom the information is reported, or "maintain reasonable procedures designed to insure that whenever public record information is reported it is complete and up to date[.]" NYFCRA § 380-g(a)-(b).

C. **Defendant's Sale of OFAC Records**

22. UCS regularly sells reports about individual consumers to third parties which contain information bearing on consumers' credit worthiness, and expects that its reports will be used to establish those consumers' eligibility for credit, including mortgage loans.

23. Defendant is a CRA and is regulated by the FCRA and the New York analogue, the NYFCRA.

24. UCS is well aware of implications of noncompliance with federal regulations pertaining to doing business with individuals on the OFAC list.

25. UCS represents that it includes an OFAC "name matching service" on every consumer reports it compiles and sells.[3]

22. As its name suggests, and despite the guidance of the Third Circuit in *Cortez*, the "name matching service" includes OFAC information on consumer reports using only first and last name as a matter of standardized practice.

23. UCS fails to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers, regularly making inaccurate associations between innocent people with criminals on the OFAC list.

24. UCS's practices for including references to OFAC information on the consumer reports it sells are uniform and not unique to each consumer or transaction.

25. UCS fails to use all of the available personal identifying information about consumers to determine whether to associate them with criminals on the OFAC list, and does not use the available information to rule out clear mismatches.

26. UCS does this because it wants to provide some OFAC-related information to its customers (accurate or not), in order to maximize its profits and to show that its products "work."

27. Defendant thus intentionally employs procedures that maximize the likelihood of a match between a data on the OFAC list and consumers, compromising accuracy.

---

[3] https://www.universalcredit.com/wp-content/uploads/2015/06/tri-merge-credit-report-product-sheet.pdf (last visited June 20, 2019).

28. Defendant furthermore does not provide any notification to consumers who are the subject of reports containing reference to the OFAC list that such information is being reported, or the name and contact information of the person to whom the information is reported.

29. UCS also does not maintain reasonable procedures to insure that OFAC information on its reports is complete and up to date. Specifically, when the "name matching service" results in a "hit," UCS simply states on the report that "NAME MATCHES OFAC/PLC/FSE LIST" without providing any additional information about the allegedly matching record.

30. Defendant's failure to set forth the full additional information available in the public record of the OFAC List prejudices consumers' ability to prove that the record does not pertain to them, either to the user of the report when trying to obtain credit, or to the seller of the report when dispute the accuracy of the information.

31. Defendant's reporting of OFAC alert information is not accidental, but instead a result of deliberately designed policies and procedures.

32. At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

**D. The Experience of Plaintiff Manuel Alvarez**

33. In the spring of 2018, Plaintiff Manuel Alvarez, Sr. sought to purchase a house in Nassau County, New York.

34. Plaintiff sought mortgage financing through Carrington Mortgage, and was granted pre-approval.

35. Plaintiff moved forward with the purchase of the home, and the sale was set to close on or about May 1, 2018.

36. On April 26, 2018, UCS sold a consumer report about Plaintiff which was delivered to his prospective lender, Carrington Mortgage.

37. In connection with the April 26, 2018 consumer report, UCS received Plaintiff's full name, data of birth, address, and social security number.

38. UCS included on its April 26, 2018 report information pursuant to its OFAC name matching service, stating that "NAME MATCHES OFAC/PLC/FSE LIST."

39. UCS did not include on the report any information about the allegedly matching OFAC record.

40. Plaintiff is not on the OFAC list or any other government watch list, and his name does not match any name on the OFAC SDN list.

41. Despite having been provided with Plaintiff's full name, address, social security number, and date of birth, UCS used a loose name-only match to determine whether to include the OFAC information on the consumer report.

42. A representative of Carrington Mortgage informed Plaintiff that it could not move forward with the loan because of the appearance of the OFAC information on the consumer report about Plaintiff.

43. As a result of UCS's inaccurate and incomplete reporting of the OFAC information, Plaintiff was forced to delay closing on the property for approximately six (6) weeks, and incur out of pocket costs including additional rent payments, as well as other damages including harm to reputation and emotional distress.

## V.     CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of the following Classes:

   a. **Nationwide FCRA Class:** All natural persons residing in the United States and its Territories about whom Defendant sold a consumer report to a third party that included any OFAC record, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

   b. **NYFCRA Class:** All natural persons residing within the State of New York about whom Defendant sold a consumer report to a third party that included any OFAC record, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of the case.

45. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

46. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Classes are so numerous that joinder of all is impractical. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

47. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether UCS maintains reasonable procedures to assure maximum possible accuracy of the OFAC information on its consumer reports; and (2) whether UCS acted willfully or negligently.

48. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

49. **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because his interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

50. **Injunctive Relief. Fed. R. Civ. P. 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYFCRA Class as a whole.

51. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Classes members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.    CAUSES OF ACTION

### COUNT I
### (CLASS CLAIM)
### 15 U.S.C. § 1681e(b)

52.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

53.  Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

### COUNT II
### (CLASS CLAIM)
### N.Y. Gen. Bus. Law § 380-j(e)

54.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55.  Pursuant to N.Y. Gen. Bus. Law. § 380-l and § 380-m, Defendant is liable for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it sold about consumers, in violation of N.Y. Gen. Bus. Law § 380-j(e).

### COUNT III
### (INDIVIDUAL CLAIM)
### N.Y. Gen Bus. Law § 380-g(b)

56.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

57.  Pursuant to N.Y. Gen. Bus. Law. § 380-l and § 380-m, Defendant is liable for failing to provide notice to Plaintiff at the time it sold public record information about him, and by failing to maintain reasonable procedures to insure that the public record information it reported about him was complete.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On Count I:

1. An order certifying the case as a class action on behalf of the proposed Nationwide FCRA Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

2. An order entering judgment in favor of Plaintiff and the Nationwide FCRA Class and against Defendant for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

3. An order entering judgment in favor of Plaintiff and the Nationwide FCRA Class and against Defendant for actual damages pursuant to 15 U.S.C. § 1681o;

4. An order granting costs and reasonable attorneys' fees;

5. An award of pre-judgment and post-judgment interest as provided by law; and

6. Such other relief as the Court deems just and proper.

On Count II:

1. An order certifying the case as a class action on behalf of the proposed NYFCRA Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

2. An order entering judgment in favor of Plaintiff and the NYFCRA Class and against Defendant;

      3.      An award of injunctive and declaratory relief to rectify Defendant's unlawful practices;

      4.      An award of costs and reasonable attorneys' fees;

      5.      An award of pre-judgment and post-judgment interest as provided by law; and

      6.      Such other relief as the Court deems just and proper.

On Count III:

      1.      An order entering judgment in favor of Plaintiff and against Defendant;

      2.      An award of compensatory and punitive damages to be determined by the jury;

      3.      An award of costs and reasonable attorneys' fees;

      4.      An award of pre-judgment and post-judgment interest as provided by law;

      5.      Such other relief as the Court deems just and proper

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: June 20, 2019.                By:    */s/ James A. Francis*
                                                **FRANCIS & MAILMAN, P.C.**
                                                JAMES A. FRANCIS
                                                JOHN SOUMILAS
                                                LAUREN KW BRENNAN
                                                1600 Market Street, 25th Floor
                                                Philadelphia, PA 19103
                                                T: 215.735.8600
                                                F: 215.940.8000
                                                E: jfrancis@consumerlawfirm.com
                                                E: jsoumilas@consumerlawfirm.com
                                                E: lbrennan@consumerlawfirm.com

        **ZEMEL LAW, LLC**
        Daniel Zemel *
        Elizabeth Apostola *
        1373 Broad St. Suite 203C
        Clifton, New Jersey 07013
        T: (862) 227-3106
        F: (973) 282-8603
        DZ@zemellawllc.com
        EA@zemellawllc.com

        *\*Pro hac vice* applications forthcoming

        *Attorneys for Plaintiff*